**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Kyung Jun Park,

       Plaintiff,

    - against –

Sarang Moving Inc., d/b/a Sarang Moving d/b/a Ace
Moving d/b/a Seoul Moving and Young Kwon, as an
individual,

       Defendant.

Case No.

 **COMPLAINT**

**JURY TRIAL DEMANDED**

   Plaintiff Kyung Jun Park, ("Plaintiff"), by and through his attorneys, Seo Law Group,

PLLC, upon his knowledge and belief, and as against Sarang Moving Inc., d/b/a Sarang Moving

d/b/a Ace Moving d/b/a Seoul Moving ("Corporate Defendant" or "Sarang Moving") and Young

Kwon ("Individual Defendant") (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

   1.  Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29

U.S.C. §§ 201 et seq. ("FLSA"), he is entitled to recover from Defendants: (a) Unpaid minimum

wage, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-

judgment interest, and attorneys' fees and costs.

   2.  Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to

recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c)

unpaid "spread of hours" premium for each day his work shift exceeded ten (10) hours, (d)

liquidated and statutory damages pursuant to the New York Labor Law and the New York State

Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees

and costs.

## JURISDICTION AND VENUE

3.      This Court has original federal question jurisdiction over this controversy under 29

U.S.C. § 216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor

Law claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a

substantial portion of, the events or omissions giving rise to the claims occurred in this district,

Defendants maintain their corporate headquarters and offices within this district, and Defendants

operate within this district. Further, Plaintiff was employed by Defendants in this district.

## THE PARTIES

### *Plaintiff*

### *Plaintiff Kyung Jun Park ("Plaintiff")*

5.      Plaintiff is an adult individual residing in Queens County, New York.

6.      Plaintiff was employed by Defendants at Sarang Moving as a mover from July 25,

2022 until August 9, 2022.

7.      The consent to sue form for the Plaintiff is attached hereto as **Exhibit 1.**

### *Defendants*

### *Defendant Sarang Moving Inc., d/b/a Sarang Moving d/b/a Ace Moving d/b/a Seoul Moving ("Sarang Moving")*

8.      The Corporate Defendant, Sarang Moving Inc., (hereafter, "Corporate Defendant"

"Sarang Moving Inc." or "Sarang Moving") is a domestic business corporation and existing under

the laws of the State of New York with a Service of Process address at 163-10 Northern Blvd

#206-4, Flushing, NY 11358 in the New York Department of State record.

9.     Upon information and belief, Sarang Moving Inc. operates a moving company under the business name of Sarang Moving, Ace Moving, and/or Seoul Moving.

10.     Upon information and belief, Sarang Moving Inc. maintains its main office located at 163-10 Northern Blvd #206-4, Flushing, NY 11358.

11.     Upon information and belief, Sarang Moving lists 929-600-3585 as its business telephone number on its website.

12.     Upon information and belief, Sarang Moving also utilizes 917-653-3032 and/or 646-680-5200 as its other business telephone number(s).

13.     Upon information and belief, Sarang Moving also receives customers' orders and/or inquiries via email addressed at AceMoving24@gmail.com.

14.     Upon information and belief, Sarang Moving is at present and has been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and it has each had annual gross volume sales of not less than $500,000.

15.     Sarang Moving is an "employer" within the meaning of the FLSA 29 U.S.C § 203 (d) and the New York State Labor Law ("NYLL") § 2, 190, and/or 651 that runs and profits from a business operation as movers with a main office located at 163-10 Northern Blvd #206-4, Flushing, NY 11358.

16.     Upon information, belief, and search of the US Department of Transportation (DOT) registration records, Corporate Defendant has no active or recorded registration number under any operating name with the DOT.

**Defendant Young Kwon ("Defendant Kwon")**

17.     Upon information and belief, Defendant Young Kwon (hereafter, "Defendant Kwon") is an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporation during the relevant time period, and he is sued individually. Defendant Kwon has possessed and exercised operational control over Defendant Corporation, for example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Defendant Kwon has a prominent role in the setting of salaries for Corporate Defendant's employees and hires and fires Corporate Defendant's employees.

18.     Upon information and belief, Defendant Kwon has ownership interest in the Corporate Defendant, and he is a manager and supervisor of all his employees and the employees of the Corporate Defendant.

19.     Upon information and belief, Defendant Kwon is the CEO and operator of Sarang Moving at its main office located at 163-10 Northern Blvd #206-4, Flushing, NY 11358.

20.     Defendant Kwon is known to Plaintiff as the "owner" of Sarang Moving.

21.     Defendant Kwon is known to Plaintiff to be the "boss" and exercised direct supervisory authority over Plaintiff while working as Sarang Moving's movers.

22.     Upon information and belief, Defendant Known manages all aspects of the Corporate Defendant's finances including handling its employees' payroll.

4

23.     Upon information and belief, Defendant Kwon is a signatory of the Corporate Defendant Sarang Moving's business account.

24.     Plaintiff was "employee" of Individual Defendant Kwon within the meaning of 29 U.S.C § 203 (e)(1) and NYLL § 190(2).

25.     Defendant Kwon and Corporate Defendant, through Individual Defendant, controlled the hours, the task assignments and the overall work associated with Plaintiff's work that he performed during his employment with Defendants.

26.     Defendant Kwon and Corporate Defendant, through Individual Defendant, controlled the terms and conditions of Plaintiff's employment and are thus "employers" within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3).

27.     Defendants employed Plaintiff to work as a non-exempt mover for Defendants' moving company during Plaintiff's employment.

28.     The work performed by Plaintiff was directly essential to the business operated by Defendants.

29.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

30.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

31.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

32.     The business activities of Defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

33.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## **FACTUAL ALLEGATIONS**

34.     Plaintiff was employed by Defendants at Sarang Moving as a mover from July 25, 2022 until August 9, 2022.

35.     Plaintiff's duties were as follows:

a.   Traveling to the designated location(s) to transport Defendants' customers' furniture, package, inventory, and other items (hereafter, "belongings" or "requested items");

b.   Renting a moving truck paired with another mover to drive to the customers' requested destinations;

c.   Driving a moving truck and making multiple stops at the customers' requested locations to pack/unpack and load/unload the customers' requested items;

d.    Packing and unpacking the customers' requested items at the requested locations;

e.   Loading and unloading the customers' items from/to the designated locations to/from the moving truck;

f.   Cleaning up the worksite after the completion of packing/unpacking and/or loading/unloading;

g.   Assisting Defendants' other moving helper(s) with whatever tasks assigned to Plaintiff during the course of transporting the requested items; and,

h.   Driving Defendant Kwon to the requested location(s) and assisting him with performing his duties for Defendants' customers.

36.     Plaintiff did not supervise two or more full-time employees.

37.     Plaintiff was not able to hire or fire for Defendants, nor recommend hiring or firing.

38.     Plaintiff was not exempt from the FLSA.

39.     Plaintiff was not exempt from the NYLL.

40.     Defendants employed Plaintiff under the title of "driver" for Sarang Moving for a 16-day period.

41.     On the first day of Plaintiff's employment, Defendant Kwon required Plaintiff to fly to Los Angeles, California to drive a vehicle to New York and purchased Plaintiff's airplane ticket.

42.     At Defendant Kwon's request, Plaintiff departed to California. When Plaintiff arrived the requested location, one of Defendants' employees rented a moving truck. Since then, Plaintiff was required make a stop at Defendants' customer's desired location in Los Angeles to load the customer's items to the truck and began driving the truck toward New York.

43.     As Plaintiff was driving the truck, Defendant Kwon required Plaintiff to make additional stops at Arizona, Ohio, Denver, Chicago, Illinois to load and unload Defendants' customers' items from/to the requested designation(s) to/from the truck.

44.     When Plaintiff arrived at each of the destinations, Plaintiff was also required to assist Defendants' movers with packing/unpacking and loading/unloading the customers' items, cleaning the site, and finishing up whatever the tasks Defendants mover(s) left off after the expiry of their 2-hour shift.

45.     Whenever Plaintiff was not required to assist Defendants' movers, he was required to drive the truck morning-and-night toward New York. Defendants did not allow Plaintiff to make any rest stops nor did they allow Plaintiff any time to take a bath.

46.     After approximately 8 days of driving non-stop, Defendant Kwon requested Plaintiff to pick him up in Pennsylvania.

47.     When Plaintiff arrived in Pennsylvania, Defendant Kwon directed Plaintiff to drive him to Los Angeles, California.

48.     At Defendant Kwon's request, Plaintiff had to drive back to Los Angeles. Plaintiff was allowed to sleep on an off for on average, 2 hours a day while the other person was driving.

49.     After Plaintiff made it to Defendant Kwon's requested designation in Los Angeles, Defendant Kwon requested Plaintiff to drive him New York after making stops at two other locations to load Sarang Moving's customers' items to the vehicle. While Plaintiff was driving back to New York, Defendant Kwon did not allow Plaintiff to take any rest break except for the two occasions that he permitted Plaintiff to take a brief shower at an automated shower booth at a "truck station."

50.     Defendant Kwon directed Plaintiff to drive him to Upstate to New York to unload the customers' items and required Plaintiff to drive him to New York.

51.     After Plaintiff drove Defendant Kwon to New York, Plaintiff was finally allowed to go home to change and take some rest.

52.     Plaintiff took approximately 5 hours of rest at home until Defendant Kwon picked him up to drive him to another location and help Defendants' movers with other tasks.

53.     Defendants employed Plaintiff 16 days in total, for 24/7 per week, except for the day that Defendants allowed Plaintiff to take the 5-hour rest break at home.

54.     Defendants paid Plaintiff approximately $900.00 per week (or $1,800.00 in total), in cash, without a paystub.

55.     Defendants did not pay Plaintiff the basic minimum hourly wage for all hours worked.

56.     Defendants did not pay Plaintiff premium overtime pay for hours worked in excess of 40 hours per week.

57.     Plaintiff was not permitted an uninterrupted half hour for required meal breaks.

58.     Plaintiff was an "employee" of defendants within the meaning of the FLSA and the NYLL.

## STATEMENT OF CLAIM

### COUNT I
### [Violations of the Fair Labor Standards Act—Minimum Wage]

59.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

60.     At all times relevant, Plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

61.     At all times relevant, Defendants have been employers of Plaintiff and engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

62.     Defendants have failed to pay Plaintiff minimum wages entitled to under FLSA.

63.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

64.     Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

65.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

66.     Due to Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied minimum wage in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## COUNT II
### [Violations of the Fair Labor Standards Act—Overtime Wage]

67.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC § 207(a).

69.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

70.     Defendants have failed to pay Plaintiff's premium overtime wages to which they are entitled under the FLSA at the rate of time and one-half for all hours worked in excess of 40 hours per week.

71.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

72.     Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff's.

73.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

74.     As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being premium overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**COUNT III**
**[Violation of New York Labor Law—Minimum Wage]**

75.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

77.     At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

78.     Defendants have failed to pay Plaintiff the minimum wages due and owing under the NYLL and the supporting New York State Department of Labor Regulations.

79.     Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, Defendants have willfully violated the NYLL, Article 19, NYLL §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

80.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT IV**
**[Violation of New York Labor Law—Overtime Pay]**

81.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

82.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

83.     Defendants have failed to pay Plaintiff premium overtime wages due and owing under the NYLL and the supporting New York State Department of Labor Regulations at the rate of time and one half for all hours worked in excess of 40 hours per week.

84.     Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

85.     Due to Defendants' willful violations of the NYLL, Plaintiff id entitled to recover from Defendants unpaid overtime wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT V**
**[Violation of New York Labor Law—Spread of Hour Pay]**

86.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87.     Defendants regularly and knowingly required Plaintiff work for a spread of hours equal to, or greater than, ten (10) hours per day.

88.     Defendants knowingly, willfully, and intentionally failed to pay Plaintiff one extra hour's pay at the basic minimum wage for every day in which the interval between Plaintiff's start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4.

89.     Because of Defendants' willful violation of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## COUNT VI
### [Violation of New York Labor Law—Wage Notices]

90.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

91.     Defendants have willfully failed to supply Plaintiff with a wage notices, as required by NYLL, Article 6, § 195(1),  in English, or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191;  the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

92.     Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

93.     Due to defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**COUNT VII**
**[Violation of New York Labor Law—Wage Statements]**

94.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

95.     Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

96.     Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

97.     Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from the Defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198-1(d).

## Prayer for Relief

WHEREFORE, Plaintiff requests that this Court enter a judgment:

a)      Declaring that Defendants have violated the minimum wage, overtime pay of the FLSA, and supporting United States Department of Labor Regulations;

b)      declaring that Defendants have violated the minimum wage, overtime pay provisions of the NYLL, and supporting regulations;

c)      declaring that Defendants have violated the Wage Theft Prevent Act;

d)      declaring that Defendants have violated the Spread of Hours law;

e)      declaring that Defendants' violations of the FLSA were willful;

f)      declaring that Defendants' violations of the NYLL were willful;

g)      awarding Plaintiff damages for all unpaid wages;

h)      awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

i)      awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

j)      awarding plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

k)      issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ *et seq.*, and the supporting New York State Department of Labor Regulations;

l)      awarding Plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

m)      granting an injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

n)      awarding Plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL; and

o)      awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York                          **SEO LAW GROUP, PLLC**
       September 23, 2022

                                                 By:      /s/ Diana Seo
                                                      Diana Seo, Esq.
      136-68 Roosevelt Ave., Suite 726
      Flushing, New York 11354
      Telephone: (718) 500-3340
      Email: diana@seolawgroup.com
      *Attorneys for Plaintiff*

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

To: Young Kwon

     PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Kyung Jun Park intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Sarang Moving Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them or the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

     Dated: September 23, 2022

**DEMAND BY EMPLOYEES TO INSPECT BOOKS, RECORDS, AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:

      Sarang Moving Inc.
      163-10 Northern Blvd #206-4
      Flushing, NY 11358


      PLEASE TAKE NOTICE, that Kyung Jun Park pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to him as laborer, servant and/or employee of the above corporation for services performed by him for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who has expressly authorized the undersigned, as their attorney, to make this demand on his behalf.

      To the extent that the above corporation keeps and maintains the predecessor corporation(s)' archival records, it is subject to this request and must not be destroyed.

      HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporation and to make extracts there from on or after five (5) days from receipt of this notice.

      Dated: September 23, 2022

18

## DEMAND TO PRESERVE EVIDENCE

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's causes of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, computer databases, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

Dated: September 23, 2022

**EXHIBIT 1**

## CONSENT TO SUE
## UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by
a/k/a Sarang Moving a/k/a Ace Moving and a/k/a Seoul Moving and/or related entities. I consent
to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the
Continent Fee retainer signed by the named plaintiff in this case.

*Park Kyung Jun*

Full Legal Name (Print)

Signature

09/05/22

Date