UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————

№ 22-CV-5725 (DG) (RER)

———————————————

KYUNG JUN PARK

VERSUS

SARANG MOVING INC., *ET AL.*

————————————

**REPORT & RECOMMENDATION**

August 2, 2023

————————————

**TO THE HONORABLE DIANE GUJARATI
UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Kyung Jun Park ("Plaintiff") brought this action against Sarang Moving Inc. ("Sarang Moving" or "Corporate Defendant") and Young Kwon ("Kwon" or "Individual Defendant") (collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 and 650 *et seq.* Currently before the Court is Plaintiff's Motion for Default Judgment. (ECF No. 11 ("Motion")). Your Honor referred this Motion to me for a Report and Recommendation. (ECF Order dated 2/14/2023). After carefully reviewing the record, and for the reasons set forth herein, I respectfully recommend that the Motion be granted and default judgment be entered against all Defendants, jointly and severally, for $15,576.75 in damages, $228.87 in pre-judgment interest, $1.30 per diem until the date that judgment is entered, post-judgment interest in accordance with 28 U.S.C. § 1961, $4,140 in attorney's fees, and $607 in costs.

1

## BACKGROUND

I.    Factual Background

Sarang Moving is a domestic business corporation that operates as a moving company under various names, including Ace Moving and/or Seoul Moving. (ECF No. 1 ("Compl.") ¶¶ 8–9). Its main office is located at 163-10 Northern Blvd #206-4, Flushing, NY 11358. (Compl. ¶ 10). Kwon is the "*de facto* and *de jure* owner, officer, and/or agent" of Sarang Moving. (Compl. ¶ 17). In this capacity, Kwon exercises "operational control" over Sarang Moving by determining employee wages and compensation, establishing employee work schedules, maintaining employee records, and hiring and firing employees. *Id*. Plaintiff is an adult residing in Queens County, New York. (Compl. ¶ 5). Defendants employed Plaintiff as a mover for 16 days, from July 25, 2022 to August 9, 2022. (Compl. ¶ 6).

Plaintiff alleges that during his employment, Sarang Moving's employees engaged in the production, handling, and selling of goods or materials that have been moved in interstate commerce, and that its annual gross volume of sales was not less than $500,000. (Compl. ¶ 14). In particular, Plaintiff's duties included (i) transporting customers' belongings, such as furniture and packages; (ii) renting a moving truck to drive to customers' requested destinations; (iii) driving a moving truck and making stops at multiple locations to pack/unpack and load/unload items; (iv) cleaning up after packing/unpacking and loading/unloading; (v) helping other movers with assigned tasks; and (vi) driving Kwon to specific locations and helping with Kwon's duties. (Compl. ¶ 35).

On Plaintiff's first day of working for Sarang Moving, Kwon ordered Plaintiff to fly from New York, New York to Los Angeles, California, and then drive a moving truck back to New York. (Compl. ¶ 41). When Plaintiff arrived in Los Angeles, one of Defendants' employees rented a

truck for Plaintiff to drive. (Compl. ¶ 42). Plaintiff then drove to meet one of Defendants' customers in Los Angeles, loaded the customer's items onto the truck, and departed for New York. *Id.* Kwon directed Plaintiff to make stops along the way in Arizona, Ohio, Colorado, and Illinois to load and unload customers' items and assist Defendants' employees with other tasks, such as packing and cleaning. (Compl. ¶¶ 43–44).

During the 16-day period, when Plaintiff was not assisting Defendants' employees, he was required to drive the truck toward New York. (Compl. ¶ 45). According to the Complaint, Defendants "did not allow Plaintiff to make any rest stops" or "take a bath." *Id.* After driving for eight days, Kwon directed Plaintiff to pick him up in Pennsylvania. (Compl. ¶ 46). Kwon then directed Plaintiff to drive him back to Los Angeles. (Compl. ¶ 47). On the return trip to Los Angeles, Plaintiff slept for an average of two hours per day while another employee drove the truck. (Compl. ¶ 48). Upon arriving in Los Angeles a second time, Kwon directed Plaintiff to make stops at two locations to load customers' items onto the vehicle, and then instructed Plaintiff to drive back to New York. (Compl. ¶ 49). On the drive back to New York, Kwon "did not allow Plaintiff" to take any breaks, other than two times when Plaintiff was able to take brief showers at truck stations. *Id.*

After returning from Los Angeles, Kwon then required Plaintiff to drive to upstate New York to unload customers' items. (Compl. ¶ 50). Following this, Plaintiff returned home and rested for five hours, before Kwon picked Plaintiff up to take him to another location and help Defendants' movers with more tasks. (Compl*.* ¶¶ 51–52).  Plaintiff alleges that "Defendant employed Plaintiff 16 days in total, for 24/7 per week, except for" the five-hour break he was permitted to take upon returning from upstate New York. (Compl. ¶ 53). Plaintiff further alleges that while employed by Defendants, he was not allowed an uninterrupted half-hour break for meals. (Compl*.* ¶ 57).

3

Plaintiff was paid approximately $900 per week, or $1,800 total, in cash, without a paystub. (Compl. ¶ 54).

## II.   Procedural History

Plaintiff commenced this action on September 23, 2022, alleging that he was not provided (i) minimum wage and overtime pay under the FLSA and NYLL (Compl. ¶¶ 62, 70, 78, 83), (ii) one extra hour's pay at the basic minimum wage for every day in which Plaintiff worked more than ten hours (Compl. ¶ 88), (iii) any type of wage notice (Compl. ¶ 91), or (iv) any statements of wages (Compl. ¶ 95). On October 13, 2022, Plaintiff served Sarang Moving with the Summons and Complaint through the New York Secretary of State, pursuant to N.Y. Bus. Corp. Law § 306. (ECF No. 5). Plaintiff served Kwon via in-person delivery and mail at 124-01 9th Ave #2, College Point, NY 11356, which was Kwon's "dwelling house (usual place of abode)" in New York. (ECF No. 6).

After Defendants failed to answer the Complaint or otherwise appear before the Court, Plaintiff requested a Certificate of Default from the Clerk of Court on January 3, 2023. (ECF No. 8). On January 24, 2023, the Clerk of Court entered Defendants' default. (ECF No. 10). Following the Clerk's entry of default, on February 14, 2023, Plaintiff moved for default judgment on its claims for (1) unpaid minimum wages under the FLSA and NYLL; (2) unpaid overtime wages under the FLSA and NYLL; (3) unpaid spread-of-hours wages under the NYLL; (4) liquidated damages; (5) wage notice and wage statement violations under the NYLL; (6) pre- and post-judgment interest; and (7) reasonable attorneys' fees and costs. (ECF No. 11-1 ("Pl's Mem.") at 9). On June 9, 2023, I ordered Plaintiff to file proof that all papers submitted in support of the Motion for Default Judgment have been properly mailed to Defendants in compliance with Local Civil Rule 55.2(c). (Order dated 6/9/2023). On June 15, 2023, Plaintiff served the Motion for Default Judgment in-

4

person and via First Class Mail at Sarang Moving's last known business address and Kwon's last known residence, in accordance with Local Civil Rule 55.2(c). (ECF No. 12). Plaintiff filed proof of such service on June 15, 2023. *Id*.[1]

## DISCUSSION

I.    Default Judgment Legal Standard

Rule 55 of the Federal Rules of Civil Procedure requires a "two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, a court clerk must enter party's default after an affidavit shows that the alleged defaulting party has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Second, the plaintiff must request a default judgment. Fed. R. Civ. P. 55(b). Default judgments are typically "disfavored" by the Second Circuit, which prefers resolving disputes on the merits. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993); *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981). However, in granting a default judgment, the court must accept the plaintiff's well-pleaded allegations as true. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The court then determines whether the factual allegations, taken as true, constitute a valid cause of action. *City of N.Y. v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 137 (2d Cir. 2011) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61 (2d Cir. 1981)). Additionally, although the court must accept a plaintiff's well-pleaded allegations as true, "[p]laintiffs bear the burden of alleging specific facts which would allow the Court to infer defendants' liability rather than mere 'labels and conclusions' or a

---

[1] Local Civil Rule 55.2(c) states that all motion papers submitted to the Court "shall *simultaneously* be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)" and that "[p]roof of such mailing shall be filed with the Court." Loc. Civ. R. 55.2(c) (emphasis added). Although Plaintiff did not mail all Motion papers to Defendants "simultaneously" with filing, the Court is assured that Defendants now have sufficient notice of the Motion, and so the Court will overlook this procedural error.

'formulaic recitation of the elements.'" *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *adopted by* 2015 WL 5561180 (Sept. 21, 2015).

Courts need not accept as true allegations concerning damages. *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158. A plaintiff must show with evidence "that the compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Id.* at 158–59. The court may rely on various types of evidence when determining damages, including "detailed affidavits," "documentary evidence," and the court's "personal knowledge of the facts, derived from presiding at trial." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Furthermore, in FLSA cases, where wage and hour records are inaccessible, "the plaintiff may rely on [their] recollection to approximate the wages owed." *Palaghita v. Alkor Cap. Corp.*, No. 19-CV-1504 (ARR) (RER), 2021 WL 4464121, at *5 (E.D.N.Y. Aug. 20, 2021) (citing *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 332−33, 335 (S.D.N.Y. 2005)), *adopted by* 2021 WL 4463483 (Sept. 29, 2021). Default judgment is limited to the amount and type sought in the pleadings. *Miguel v. Mi Bella Puebla Corp.*, No. 16-CV-1593 (SJ) (RER), 2017 WL 4838820, at *2 (E.D.N.Y. Sept. 6, 2017) (citing Fed. R. Civ. P. 54(c)) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."), *adopted by* 2017 WL 4838761 (Oct. 24, 2017).

## II.    Liability Under FLSA and NYLL

Plaintiff seeks default judgment on his FLSA and NYLL claims. (Pl's Mem. at 1). For the claims to succeed, Plaintiff must first establish that a non-exempt employer-employee relationship existed between Plaintiffs and Defendants. *Diaz v. Rene French Cleaners, Inc.*, No. 20-CV-3848 (RRM) (RER), 2022 WL 4646866, at *4 (E.D.N.Y. Aug. 29, 2022), *adopted by* 2022 WL 4662247 (Sept. 30, 2022). Second, Plaintiff must establish that he was inadequately compensated. *Santos v.*

*Cancun and Cancun Corp.*, No. 21-CV-192 (LDH) (RER), 2022 WL 1003812, at *3 (E.D.N.Y. Feb. 2, 2022) (citing *Nikolaeva v. Home Attendant Servs. of Hyde Park*, No. 15-CV-6977 (NGG) (RER), 2017 WL 3491964, at *2 (E.D.N.Y. July 19, 2017), *adopted by* 2017 WL 3493136 (Aug. 14, 2017)). Courts in the Second Circuit typically apply the same analysis to claims under both the FLSA and NYLL; thus, when a court finds liability under one, it will likely impose liability under the other. *Ore v. H & C Cleaning Corp.*, No. 22-CV-20 (AMD) (RER), 2022 WL 19520879, at *7 (E.D.N.Y. Dec. 14, 2022) (citing *Jaime v. David & Son's Constr. Corp.*, No. 17-CV-1499 (ADS) (ARL), 2018 WL 4863658, at *4 (E.D.N.Y. Aug. 30, 2018), *adopted by* 2018 WL 4863594 (Sept. 28, 2018)), *adopted by* 2023 WL 2522814 (Mar. 15, 2023); *Marcus v. Lominy*, No. 18 Civ. 1857, 2022 WL 493688, at *13 (S.D.N.Y. Feb. 17, 2022) ("[B]ecause the NYLL is the state analogue to the federal FLSA…the Court's ensuing analysis…will solely focus on federal law but applies equally to…claims under the FLSA *and* NYLL.") (emphasis added).

A. <u>Defendants are Employers Within the Meaning of the FLSA and NYLL</u>

Under the FLSA, an employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). A "person" may be an individual or "any organized group of persons," including a corporation. 29 U.S.C. § 203(a). Under NYLL, an employer includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service." N.Y. Lab. Law § 190(3). Furthermore, an employer is subject to the FLSA if the plaintiff employee is either "engaged in interstate commerce or in the production of goods for commerce" (i.e., individual coverage), or if the plaintiff employee is employed in an enterprise "engaged in commerce or in the production of goods for commerce" whose "annual gross volume of sales made or business done is not less than

$500,000" (i.e., enterprise coverage). *Santos*, 2022 WL 1003812, at *4 (citing 29 U.S.C. §§ 203(s)(1)(A)(i)–(ii), 206(a), 207(a)(1)).

    *i.*    *The Corporate Defendant*

An enterprise is engaged in commerce when its employees "handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce" and when the enterprise has an annual gross volume of sales of at least $500,000. *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 25 (E.D.N.Y. 2015) (quoting 29 U.S.C. § 203(s)(1)(A)(i)(ii)). The handling of items that have moved in interstate commerce is sufficient to allege enterprise coverage. *Alvarado v. J.A. Vasquez Landscaping Corp.*, No. 20-CV-4005 (HG) (SJB), 2023 WL 2542702, at *5 (E.D.N.Y. Feb. 14, 2023) (citing *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 530 (S.D.N.Y. 1998); *see also D'Arpa v. Runaway Towing Corp.*, No. 12-CV-1120, 2013 WL 3010810, at *13 (E.D.N.Y. June 18, 2013) (finding that trucks moving materials across state lines qualify for enterprise coverage under the FLSA).

Here, Sarang Moving is an enterprise employer subject to the FLSA. Plaintiff first alleges that Sarang Moving has been an "enterprise engaged in interstate commerce" under the FLSA and that Sarang Moving "has had employees engaged in interstate commerce or in production of goods for interstate commerce," in addition to having an "annual gross volume" of sales not less than $500,000. (Compl. ¶ 14). Importantly, Plaintiff alleges that he drove a truck and transported Defendants' customers' items across state lines. (Compl. ¶¶ 42–51). These allegations meet the pleading requirement for enterprise liability under the FLSA. *See Ore,* 2022 WL 19520879, at *8 (citing *Reyes-Fana v. Moca Grocery NY Corp.*, No. 21-CV-4493 (AMD) (RER), 2022 WL 5428688, at *5 (E.D.N.Y. Aug. 16, 2022), *adopted by* 2022 WL 4094241 (Sept. 7, 2022) (finding that plaintiffs' simple allegations that defendant has engaged in interstate commerce and

defendant's "gross annual volume of sales made or business done" was not less than $500,000 sufficiently established enterprise liability for defendant)); *Cardoza*, 2015 WL 5561033, at *3–4 (finding that plaintiffs' "somewhat conclusory" allegations that defendant was "engaged in interstate commerce" and that defendants' annual gross revenue exceeded $500,000 met the pleading requirement for enterprise liability). Thus, Sarang Moving is an employer subject to liability under the FLSA and the NYLL.

ii.    *The Individual Defendant*

Courts in the Second Circuit employ the "economic realities" test when determining employer status for individuals. *Espinoza v. La Oficina Bar Corp.*, No. 20-CV-1237 (MKB) (RLM), 2022 WL 987429, at *10 (E.D.N.Y. Mar. 1, 2022) (citing *Carter v. Duchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)). The "economic realities" test considers multiple non-dispositive factors, including "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (citing *Carter*, 735 F.2d at 12); *see also Herman v. RSR Sec. Servs, Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) ("[T]he 'economic reality' test encompasses the totality of circumstances, no one of which is exclusive.").

Here, Plaintiff alleges that Kwon has "possessed and exercised operational control over [Sarang Moving]." (Compl. ¶ 17). Specifically, Kwon has "determined the wages and compensation of Defendants' employees," established employee schedules, and "had the authority to hire and fire Defendants' employees." *Id.* These allegations, taken in tandem with Defendants' default, establish that Kwon is an employer subject to liability under the FLSA and NYLL. *See Ore*, 2022 WL 19520879, at *9 (finding that allegations that the employer satisfied multiple factors within the economic realities test combined with an individual defendant's default established

9

defendant was an employer subject to the FLSA and NYLL); *Cardoza*, 2015 WL 5561033, at *2 (same).

B.  Plaintiff is a Non-Exempt Employee Under FLSA and NYLL

The FLSA defines employee as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). New York Labor Law defines employee as "any individual employed or permitted to work by an employer in any occupation" with certain exceptions. N.Y. Lab. Law § 651(5). Particular categories of employees are exempt from FLSA and NYLL minimum wage and overtime requirements. *See* 29 U.S.C. § 213; N.Y. Lab. Law § 651(5). Federal courts typically use the analysis of exemptions within the FLSA and apply it to an analysis of exemptions within NYLL. *Karropoulos v. Soup du Jour, Ltd.*, 128 F. Supp. 3d 518, 527 (E.D.N.Y. 2015) (citing *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 556 (2d Cir. 2012) (where, because of the close alignment between exemptions under the FLSA and NYLL respectively, the court declined to engage in a separate analysis of exemptions under NYLL).

In addition, "the burden of invoking these exemptions rests upon the employer." *Bilyou v. Dutchess Beer Distributors, Inc.*, 300 F.3d 217, 222 (2d Cir. 2002) (citing *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 394 n.11 (1960)). Defendants' default establishes that they have failed to sufficiently invoke any exemptions. *See Ore,* 2022 WL 19520879, at *9 (statutory exemptions did not apply where defendants defaulted). In addition, Plaintiff does not allege that any potential relevant exemption applies. (Compl. ¶ 16).[2]  Consequently, the statutory exemptions do not apply to Plaintiff.

---

[2] Prior to the FLSA, Congress enacted the Motor Carrier Act ("MCA") of 1935, which gave the Department of Transportation authority to regulate the trucking industry. *M. Fortunoff of Westbury Corp. v. Peerless Ins. Co.*, 432 F.3d 127, 130 (2d Cir. 2005). Thus, the "motor carrier exemption" to overtime provisions of the FLSA applies to a plaintiff wherever the Secretary of Transportation has authority to promulgate regulations. *Khan v. IBI Armored Servs., Inc.*, 474 F. Supp. 2d 448, 451 (E.D.N.Y. 2007). Since Sarang Moving is a moving company that primarily operates trucks, the MCA might potentially apply. However, Plaintiff alleges that Sarang Moving does not have an active or

C.  Plaintiff Has Established Liability Under the FLSA and NYLL

The FLSA and NYLL both require employers to pay their employees "a certain minimum wage, as well as overtime wages of one-and-one-half times their regular rate of pay for all hours worked in excess of forty hours in any given week." *Santos*, 2022 WL 1003812, at *5 (citing 29 U.S.C. § 207(a), N.Y. Lab. Law § 651, 12 N.Y.C.R.R. § 142-2.2). Where the employer fails to maintain adequate records, the burden to prove the number of hours worked is minimal and can be satisfied by testimony creating a "just and reasonable inference" that Plaintiff worked those hours. *Wen Jian Lu v. Taco Hut Place Inc.*, No. 15-CV-7147 (RER), 2017 WL 10186298, at *4 (E.D.N.Y. Apr. 28, 2017) (citing *Pik Quan Leong v. 127 Glen Head Inc.*, 102 F. Supp. 3d 450, 454 (E.D.N.Y. 2015)). In New York City, minimum wage on and after December 31, 2018 (for large employers, eleven or more employees) and on and after December 31, 2019 (for small employers, ten or less employees) is $15. N.Y. Lab. Law § 652(a)(i)–(ii).

Here, Plaintiff alleges that Defendants paid him approximately $900 per week, or $1,800 total, for a work period of 16 days. (Compl. ¶¶ 53–54). Plaintiff alleges that he worked 168 hours between July 25, 2022 and August 1, 2022 (ECF No. 11-8 ("Damages Calc.") at 1), and that he worked 163 hours between August 1, 2022 and August 9, 2022. (*Id.* at 2). Thus, Plaintiff was compensated at an hourly rate of $5.35 and $5.52 for each respective week, which is below the statutory minimum wage in New York City.

Furthermore, overtime pay is calculated using the required minimum wage as the "regular rate" when the employee's regular hourly rate is below the required minimum wage. *Peralta v. M & O Iron Works, Inc.*, No. 12-CV-3179 (ARR) (RLM), 2014 WL 988835, at *7 (E.D.N.Y. Mar. 12,

---

recorded registration number under any operating name within the Department of Transportation (Compl. ¶ 16), implying that the Department of Transportation does not maintain the authority to promulgate regulations that apply to Plaintiff's work for Sarang Moving.

2014). Here, because Plaintiff's regular hourly rate is below the required minimum wage, the statutory minimum wage serves as the rate used to calculate overtime pay. Overtime pay is equal to one-and-one-half times the regular rate of pay for all hours worked above forty hours. *Bedasie v. Mr. Z Towing, Inc.*, No. 13-CV-5453 (CLP), 2017 WL 1135727, at *36 (E.D.N.Y. Mar. 24, 2017). Thus, overtime pay is calculated as $15 x 1.5 = $22.50. As such, Plaintiff has sufficiently pleaded that Defendants did not pay him minimum wage or overtime pay. (Compl. ¶¶ 53–56).

In addition, under the NYLL, employees are entitled to an additional hour of pay at the minimum wage rate for each day an employee's start and end of a shift were at least ten hours apart. 12 N.Y.C.C.R. § 142-2.4; *see Fermin*, 93 F. Supp. 3d at 46. Here, Plaintiff has sufficiently alleged that he worked for 16 days, each of which were for at or near 24 hours per day (Compl. ¶ 53), which means that between Plaintiff starting and ending his shift, more than ten hours had elapsed. Therefore, Plaintiff has established liability under his spread-of-hours claim.

Employers are also required under the NYLL to notify the employees of "the rate or rates of pay and basis thereof," and the notice must be in writing in English and in the primary language of each employee. N.Y. Lab. Law § 195(1). Where an employee is not provided with this wage notice within "ten business days" of the first date of employment, the employee may recover fifty dollars in civil damages each workday that the violation occurred, up to a maximum of 100 workdays. N.Y. Lab. Law § 198(1-b). Here, Plaintiff alleges that he was not provided with any wage notice in English or his primary language. (Park Aff. ¶ 11). Therefore, Plaintiff has established liability under his wage notice claim.

Finally, under the NYLL, an employer must provide its employees with a wage statement for "every payment of wages" listing: dates of work covered by that payment of wages, the name of the employee, the name of the employer, the address and phone number of employer, and the rates

or rates of pay and basis thereof. N.Y. Lab. Law § 195(3). Employees are entitled to recover "damages of two hundred fifty dollars for each workday that the violations occurred," up to a maximum of five thousand dollars. N.Y. Lab. Law § 198(1-d). Here, Plaintiff alleges that he was paid in cash without a paystub. (Compl. ¶ 54; Park Aff. ¶ 7). In addition, Plaintiff alleges that he was not required to track his work hours, nor did Defendants utilize any time tracking device, like punch cards or sign in sheets. (Park Aff. ¶ 12). Therefore, Plaintiff has established liability under his wage statement claim.

*    *    *

Accordingly, because Plaintiff has established Defendants' liability under both the FLSA and NYLL, the Court turns to consider Plaintiff's damages.

### III.    Damages

Plaintiff seeks damages including: (1) unpaid minimum wages; (2) unpaid overtime wages; (3) unpaid spread-of-hours; (4) liquidated damages; (5) statutory damages for failure to provide wage notices; (6) statutory damages for failure to provide wage statements; (7) pre-judgment interest; (8) reasonable attorney's fees; and (9) costs. (Pl's Mem. at 10–18). For reasons set forth below, I respectfully recommend that Plaintiff be awarded a total of $20,323.75 in damages, comprised of: $3,166.44 in unpaid minimum wages, $1,882.50 in unpaid overtime wages, $225 in unpaid spread-of-hours wages, $5,273.94 in liquidated damages, $800 in wage notice violations, $4,000 in wage statement violations, $228.87 in pre-judgment interest, $1.30 per diem until the date that judgment is entered, post-judgment interest in accordance with 28 U.S.C. § 1961, $4,140 in attorney's fees, and $607 in costs.

Once liability has been established, the court must then determine what damages are supported by an "evidentiary basis that can be ascertained with 'reasonable certainty.'" *Xin Long Lin v. New Fresca Tortillas, Inc.*, No. 18-CV-3246 (RJD) (RER), 2019 WL 3716199, at *2 (E.D.N.Y. May 1,

2019) (quoting *Cement and Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012)). Plaintiffs in FLSA and NYLL cases are typically "not entitled to recover twice for the same injury." *Cao v. Wu Liang Ye Lexington Rest, Inc.*, No. 08 Civ. 3725 (DC), 2010 WL 4159391, at *2 n.2 (S.D.N.Y. Sept. 30, 2010). Instead of recovering under both, "a plaintiff may recover under the statute which provides the greatest amount of damages[.]" *Jiao v. Shi Ya Chen*, No. 03 Civ. 165 (DF), 2007 WL 4944767, at *17 (S.D.N.Y. Mar. 30, 2007).

Here, Plaintiff alleges that the violations occurred in July and August of 2022. (Compl. ¶¶ 34, 53). As such, the two-year FLSA[3] and six-year NYLL statutory periods cover all of Plaintiff's claims during the entirety of his employment. *See* 29 U.S.C. § 255(a); N.Y. Lab. Law §§ 198(3), 663(3). Compared to the FLSA, NYLL provides the greatest recovery because it allows plaintiffs to recover "one hour's pay at the basic minimum hourly wage rate" when a shift exceeds ten hours in a single day. 12 N.Y.C.R.R. § 142-2.4. Thus, I respectfully recommend awarding damages under the NYLL.

Furthermore, plaintiffs are entitled to rely on their own recollections to approximate wages owed by defendants. *Palaghita,* 2021 WL 4464121, at *5 (citing *Doo Nam Yang*, 427 F. Supp. 2d at 332-33, 335 (S.D.N.Y. 2005)). "In an FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked are presumed to be correct." *Ting Yao Lin v. Hayashi Ya II, Inc.*, No. 08 Civ. 6071 (SAS) (AJP), 2009 WL 289653, at *3 (S.D.N.Y. Jan. 30, 2009), *adopted by* 2009 WL 513371 (Feb. 27, 2009). Here, Plaintiff has submitted a sworn affidavit stating the hours he worked and wages he was paid, as well as dates of employment, which is sufficient to calculate damages. (ECF No. 11-4 ("Park Aff.") ¶¶ 7–12); *see Santos*, 2022

[3] Since Plaintiff alleges that the Defendants' violations of the FLSA were willful, the applicable statute of limitations may be three years. 29 U.S.C. § 255(a).

14

WL 1003812, at *6 ("Plaintiff has submitted a declaration that describes, *inter alia*, dates of employment, hours worked per week, and wages paid, which is sufficient to calculate damages.").

A. Unpaid Minimum Wages Under FLSA and NYLL

Plaintiff seeks damages for unpaid minimum wages under the FLSA and NYLL. (Compl. ¶¶ 59–66, 75–80; Pl's Mem. at 10–11). To calculate damages, the Court first determines "the 'regular hourly rate' received by plaintiff." *Chopen v. Olive Vine, Inc.*, No. 12-CV-2269 (NGG) (MDG), 2015 WL 1514390, at *6 (E.D.N.Y. Mar. 13, 2015) (citing 29 U.S.C. § 207(a)(1)), *adopted by* 2015 WL 1542082 (Mar. 31, 2015). The regular hourly rate of an employee is determined by dividing his total renumeration for employment in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid. 29 C.F.R. § 778.109.

To calculate the effective wage paid for minimum wage purposes, courts in this Circuit divide weekly pay by the total hours worked in a week. *See Heng Guo Jin v. Han Sung Sikpoon Trading Corp.*, No. 13-CV-6789 (CBA) (LB), 2015 WL 5567073, at *8 (E.D.N.Y. Sept. 21, 2015). Then, the Court calculates unpaid minimum wages owed to Plaintiffs "by subtracting the hourly rate paid to Plaintiffs each week from New York's minimum wage rate." *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 126 (E.D.N.Y. 2011). The difference is "multiplied by the number of overtime hours plaintiff worked each week," which is then "multiplied by the number of weeks" falling within the pay period. *Peralta*, 2014 WL 988835, at *8 (E.D.N.Y. Mar. 12, 2014).

Based on Plaintiff's estimated hours, his reported wages, and the statutory minimum wage, the amount of unpaid minimum wages owed to Plaintiff are calculated as follows:

| Pay Period | Actual Regular Hourly Rate | Applicable Statutory Minimum Wage | Difference (Stat. Min. – Reg. Hr. Rate) | Hours Worked per Week | Weeks Worked | Unpaid Minimum Wages |
|---|---|---|---|---|---|---|
| 7/25/2022 – 8/1/2022 | $5.35 | $15.00 | $9.65 | 168 | 1 | $1,621.20 |
| 8/1/2022 – 8/9/2022 | $5.52 | $15.00 | $9.48 | 163 | 1 | $1,545.24 |
| **Total unpaid minimum wages** | | | | | | **$3,166.44** |

Accordingly, Plaintiff is entitled to recover $3,166.44 for the pay periods in which his hourly rate was less than the statutory minimum wage.

B.  Unpaid Overtime Pay Under FLSA and NYLL

Plaintiff seeks unpaid overtime wages under the FLSA and NYLL. (Compl. ¶¶ 67–74, 81–85; Pl's Mem. at 10–11). An employer must "pay [their] employees a 50 percent premium for their overtime hours," which are "the hours in excess of 40 that they worked in each work week." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 92 (E.D.N.Y. 2012) (citing 29 C.F.R. § 778.105; 12 N.Y.C.R.R. § 146-1.4). "The FLSA provides that overtime rates shall be calculated based on the employee's regular rate of pay or the minimum wage, whichever is greater." *Bedasie,* 2017 WL 1135727, at *42 (citing 29 U.S.C. § 207; 29 C.F.R. § 778.107). Thus, where an employee's regular hourly rate falls below the statutory minimum wage, the employee's overtime rate is calculated using the mandatory minimum wage as the "regular rate." *Peralta*, 2014 WL 988835, at *7 (citation omitted).

Plaintiff has sufficiently alleged that he worked 168 hours from July 25, 2022 to August 1, 2022, and 163 hours from August 1, 2022 to August 9, 2022. (Compl. ¶ 53; Park Aff. ¶ 4). Accordingly, Plaintiff is entitled to overtime wages for the hours worked in excess of forty hours during each pay period. Therefore, the Court calculates the unpaid overtime premium owed to Plaintiff by dividing the statutory minimum wage in half to determine what Plaintiff was underpaid

for each hour that he was entitled to receive time and a half pay. That number is multiplied by the number of overtime hours worked each week, and the number of weeks in each period. *Coulibaly v. Millennium Super Car Wash, Inc.*, No. 12-CV-4760 (CBA) (CLP), 2013 WL 6021668, at *10 (E.D.N.Y. Nov. 13, 2013). The amount of unpaid overtime wages owed to Plaintiff are calculated as follows:

| Pay Period | Actual Regular Hourly Rate | Applicable Statutory Minimum Wage | Min. OT Premium (Stat. Min. Wage/2) | OT Hours Per Week | Weeks Worked | Unpaid OT Wages |
|---|---|---|---|---|---|---|
| 7/25/2022 – 8/1/2022 | $5.35 | $15.00 | $7.50 | 128 | 1 | $960.00 |
| 8/1/2022 – 8/9/2022 | $5.52 | $15.00 | $7.50 | 123 | 1 | $922.50 |
| **Total unpaid overtime wages** | | | | | | **$1,882.50** |

Based on the above calculations, I respectfully recommend that the Court award Plaintiff $1,882.50 in unpaid overtime wages.

C. Unpaid Spread-of-Hours Under NYLL

Plaintiff seeks spread-of-hours pay under the NYLL. (Compl. ¶ 86–89; Pl's Mem. at 12). Plaintiff is entitled to one extra hour of pay at the appropriate minimum wage for each day that he worked more than ten hours. The amount of unpaid spread-of-hours wages owed to Plaintiff are calculated as follows:

| Pay Period | Days in Period | Applicable Min. Wage | Spread-of-Hours Wages Owed |
|---|---|---|---|
| 7/25/2022 – 8/1/2022 | 7 | $15.00 | $105.00 |
| 8/1/2022 – 8/9/2022 | 8 | $15.00 | $120.00 |
| **Total unpaid spread-of-hours wages** | | **$225** | |

Based on the above calculations, I respectfully recommend that the Court award Plaintiff $225 in unpaid spread-of-hours wages.

D.  Liquidated Damages Under NYLL Claims

Plaintiff seeks liquidated damages under both FLSA and NYLL claims. (Compl. ¶¶ 66, 74, 80, 85, 89, 93, 97; Pl's Mem. at 12–13). NYLL permits recovery of "liquidated damages 'equal to one hundred percent of the total amount of the wages found to be due,' unless the employer provides a good faith basis for believing he or she was in compliance with the law." *Martinez v. Alimentos Saludables Corp.*, No. 16-CV-1997 (DLI) (CLP), 2017 WL 5033650, at *23 (E.D.N.Y. Sept. 22, 2017). Here, because Defendants have defaulted, they have failed to make a showing of good faith. *Santos*, 2022 WL 1003812, at *7; *see also Chopen*, 2015 WL 1514390, at *10 ("As the defendants here have defaulted, they have not shown they acted in good faith."), *adopted as modified by* 2015 WL 1542082 (Mar. 31, 2015); *Blue v. Finest Guard Servs., Inc.*, No. 09-CV-133 (ARR) (CLP), 2010 WL 2927398, at *11 (E.D.N.Y. June 24, 2010) (holding that a defendant's default is sufficient to support a claim for liquidated damages). Accordingly, Plaintiff is entitled to recover liquidated damages, and I respectfully recommend that the Court award Plaintiff one hundred percent of the minimum wage, overtime, and spread-of-hours damages that he is entitled to under the NYLL, totaling to a liquidated damages award of $5,273.94.[4]

E.  Wage Notice Violation Under NYLL

Plaintiff seeks statutory damages under the NYLL for wage notice violations. (Compl. ¶¶ 90–93; Park Aff. ¶ 11). Because Defendants did not provide Plaintiff with the required wage notice for 16 days between July 25, 2022 and August 9, 2022, I respectfully recommend that the Court award Plaintiff $800 in damages.

---

[4] $3,166.44 [minimum wage] + $1,882.50 [overtime wages] + $225 [spread-of-hours] = $5,273.94 in non-statutory damages.

F.  Wage Statement Violation Under NYLL

Plaintiff seeks statutory damages under the NYLL for wage-statement violations. (Compl. ¶¶ 94–97; Park Aff. ¶ 7). Because Defendants did not provide Plaintiff with the required wage statements for 16 days between July 25, 2022 and August 9, 2022, I respectfully recommend that the Court award Plaintiff $4,000 in wage statement damages.

G.  Pre- and Post-Judgment Interest

Plaintiff seeks pre- and post- judgment under the FLSA and NYLL. (Pl's Mem. at 14). However, as previously established, Plaintiffs are typically only entitled to recover under one law, not both. *Charvac*, 2015 WL 5475531, at *4 (quoting *Cao,* 2010 WL 4159391, at *2 n.2 (S.D.N.Y. Sept. 30, 2010)). As such, I respectfully recommend that Plaintiff recover pre- and post-judgment interest under his NYLL claims.

Under the NYLL, plaintiffs can recover pre-judgment interest on claims for unpaid minimum wages, overtime wages, and spread-of-hours claims, but not on liquidated or statutory damages. *See Palaghita,* 2021 WL 4464121, at *12 (citing *Piedra v. Ecua Rest., Inc.*, No. 17-CV-3316 (PKC) (CLP), 2018 WL 1136039, at *16 (E.D.N.Y. Jan. 31, 2018)), *adopted by* 2018 WL 1135652 (E.D.N.Y. Feb. 28, 2018). In New York, pre-judgment is calculated at "the rate of nine per centum annum." N.Y. C.P.L.R. § 5004. Courts have "wide discretion in determining a reasonable date from which to award pre-judgment interest." *Fermin*, 93 F. Supp. 3d at 49 (quoting *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994)). In the Second Circuit, courts typically calculate pre-judgment interest from the midpoint of claims. *Martinez*, 2017 WL 5033650, at *24 (quoting N.Y. C.P.L.R. § 5001(b)) ("Where…violations of the NYLL occur over an extended period, courts calculate prejudgment interest from a 'single reasonable intermediate date.'"). The midpoint date usually occurs "between when plaintiff began and ceased working for defendant[s]." *Pavia v.*

19

*Around The Clock Grocery, Inc.*, No. 03-CV-6465 (ERK) (CLP), 2005 WL 4655383, at *8 (E.D.N.Y. Nov. 15, 2005).

Here, the Court calculates pre-judgment interest owed to Plaintiff from August 1, 2022, which is the midpoint between his start date of July 25, 2022, and end date of August 9, 2022. (*See* Compl. ¶ 34; Park Aff. ¶ 2). The Court utilizes the following formula to calculate pre-judgment interest: "(total compensatory damages due to plaintiff) X (.09/365) X (number of days from midpoint date to the date the Clerk of the Court enters judgment)." *Diaz*, 2022 WL 4646866, at *12 n.13; *see also Fermin*, 93 F. Supp. 3d at 50. Therefore, I respectfully recommend that the Court award Plaintiff $228.87 in pre-judgment interest plus $1.30 per diem[5] until the date that judgment is entered.

Plaintiff is also entitled to recover post-judgment interest under 28 U.S.C. § 1961, which states that "interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "Pursuant to 28 U.S.C. § 1961, the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Tru-Art Sign Co., Inc. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)). Thus, I respectfully recommend that Plaintiff be awarded post-judgment interest, to be calculated from the date the default judgment is entered until the date of payment, "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a).

---

[5] Pre-judgment interest for Plaintiff is calculated as follows: Total Compensatory Damages ($5,273.94) X (0.09/365) X (176 [days between midpoint date 8/1/2022 and 1/24/2023]) = $228.87.

Per diem interest for Plaintiff is calculated as follows: Total Compensatory Damages ($5,273.94) X (0.09/365) = $1.30.

H.  Reasonable Attorney's Fees

Plaintiff seeks reasonable attorneys' fees in the amount of $6,684. (Pl's Mem. at 15–18). For the reasons discussed below, I respectfully recommend awarding Plaintiff $4,140 in attorney's fees.

Both the FLSA and NYLL allow prevailing employees to recover costs and "a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a). Plaintiffs bear "the burden of proving the reasonableness and the necessity of the hours spent and rates charged." *Fermin*, 93 F. Supp. 3d at 51. Any attorney who has applied for court-ordered compensation must document the application with contemporaneous time records, specifying dates and hours worked and the nature of the work done for each attorney. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

District courts enjoy broad discretion in determining the reasonable amount of attorney's fees to be awarded. *See, e.g., Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 183, 190 (2d Cir. 2008). In the Second Circuit, courts calculate reasonable attorneys' fees as the product of a reasonable hourly rate and hours reasonably expended on the litigation. *Torres v. 894 Dekalb Pizza Corp.*, No. 19-CV-5750 (AMD) (SMG), 2020 WL 8768258, at *9 (E.D.N.Y. Dec. 28, 2020), *adopted by* 2021 WL 848849 (Mar. 5, 2021). A reasonable fee is typically determined by "multiplying the reasonable number of hours spent on a case by a reasonable hourly rate based on the prevailing hourly rate for similarly experienced attorneys in the district in which the court sits." *Santos*, 2022 WL 1003812, at *8. In the Eastern District of New York, reasonable hourly rates range from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff in FLSA cases. *Martinez v. New 168 Supermarket LLC*, No. 19-CV-4526 (CBA) (SMG), 2020 WL

5260579, at *8 (E.D.N.Y. Aug. 19, 2020), *adopted by* 2020 WL 5259056 (Sept. 30, 2020). Lastly, the inquiry into the validity of the representations should be focused on "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

Here, Plaintiff requests attorney's fees in the amount of $6,684 for 23 hours of work, and Plaintiff has submitted contemporaneous time records detailing dates and hours worked, as well as the nature of the work performed. (Pl's Mem. at 18; ECF No. 11-9 ("Attorney's Fees")). Diana Seo, the attorney handling this case, requests a fee of $300 per hour. (ECF No. 11-2 ("Seo Aff.") ¶ 31). She received her J.D. degree in 2014 and has been practicing employment and labor law since 2019. (Seo Aff. ¶ 35). Seo alleges that she has "devoted approximately 99% of [her] time to employment-related issues." *Id.* She further claims that she has "represented plaintiffs with wage and hour claims" and has also "successfully defended numerous employers against claims for unpaid overtime and minimum wage in federal and state courts," both at her current place of employment and other small law firms. *Id.* Because she has four years of experience litigating employment-related cases (*id.*) and because she is the most senior attorney on this case, I respectfully recommend that the Court award Plaintiff attorney's fees at the hourly rate of $300.

As to the number of hours worked, while the invoice reflects 23 hours of work, I respectfully recommend that the Court reduce the number of hours worked to 13.8 hours. Notably, eight of the 23 hours listed on Seo's invoice are for expenses, not actual services (Attorney's Fees at 2–3), and 1.2 hours are arbitrarily billed at the rate of $120 per hour (Attorney's Fees at 1–3), which Plaintiff has not adequately described or requested in any of his supporting documents, including the Complaint and Memorandum of Law. A total of 13.8 hours spent is within the range that courts in this District have found reasonable for obtaining a default judgment in an FLSA case. *Garcia*

*Lazaro v. Best Fish Mkt. Corp.*, No. 21-CV-5305 (BMC), 2022 WL 280768, at *2 (E.D.N.Y. Jan. 31, 2022) (finding that 19.5 hours was a reasonable amount of time to obtain default judgment in an FLSA wage-and-hour case); *Calle v. Pizza Palace Café LLC,* No. 20-CV-4178 (LDH) (LB), 2022 WL 609142, at *15 (E.D.N.Y. Jan. 4, 2022) (finding 12.2 hours reasonable in a FLSA default judgment case). Accordingly, I respectfully recommend that Plaintiff be awarded $4,140 in attorney's fees ($300 per hour X 13.8 hours of work).

I.   Costs

Finally, Plaintiff seeks costs totaling $837.06. (Pl's Mem. at 18). "Both the FLSA and New York state law provide for an award of costs." *Fermin*, 93 F. Supp. 3d at 52 (citing 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(4)). To recover these costs, plaintiffs are required to "submit adequate documentary evidence in support" of those costs. *See Tacuri v. Nithin Constr. Co.*, No. 14-CV-2908 (CBA) (RER), 2015 WL 790060, at *14 (E.D.N.Y. Feb. 24, 2015). Here, "a court can take judicial notice of the court's filing fee and award it" when the filing fee appears on the docket. *Cardoza*, 2015 WL 5561033, at *19. A $402 filing fee appears on the docket. (ECF No. 1). Additionally, Plaintiff has submitted invoices for the following costs: process server for Kwon in the amount of $55 (Receipts at 1); process server for Sarang Moving in the amount of $91 (Receipts at 2); mailing of the Summons to Kwon in the amount of $59 (Receipts at 3); and an unmarked receipt from USPS in the amount of $5.47 (Receipts at 4). Where plaintiffs fail to submit documentary evidence of costs, the Court may deny the awarding of such costs. *See Tacuri*, 2015 WL 790060, at *14 (denying awarding of costs when plaintiffs failed to submit any documentary evidence supporting a request for $108); *Kingvision Pay–Per View, Ltd. v. Castillo Rest. Corp.*, No. 06-CV-617 (RJD) (KAM), 2007 WL 841804, at *7 (E.D.N.Y. Jan. 16, 2007) (denying awarding of costs when plaintiff failed to submit any documentary evidence supporting a request

for $150). In total, there are roughly $200 that Plaintiff requests but are unaccounted for in any of his supporting documents. Accordingly, I respectfully recommend that the Court award Plaintiff $607 in costs.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Motion be granted and default judgment be entered against all Defendants, jointly and severally, for $15,576.75 in damages, $228.87 in pre-judgment interest, $1.30 per diem until the date that judgment is entered, post-judgment interest in accordance with 28 U.S.C. § 1961, $4,140 in attorney's fees, and $607 in costs.

Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Diane Gujarati within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

Hon. Ramon E. Reyes, Jr.

Digitally signed by Hon. Ramon E. Reyes, Jr.
Date: 2023.08.02 11:23:24 -04'00'

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: August 2, 2023
Brooklyn, NY

24